UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| BRYAN R. PHILLIPS, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:24-cv-00090-DCLC-SKL |
| MARION COUNTY SHERIFF'S DEPARTMENT, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Bryan Phillips, a prisoner currently housed at the Franklin County Jail, is proceeding pro se in this 42 U.S.C. § 1983 action. After screening the complaint, the Court entered an Order dismissing Plaintiff's claims against Marion County Sheriff Ronnie Burnette and all claims alleging denial of medical care, and permitting Plaintiff's excessive force claims against Marion County Officers Tim Cash, Cody Pittman, "OFC-Slanton," and "OFC-Adams" to proceed [Doc. 24]. Thereafter, Plaintiff prepared summonses, which were issued by the Clerk's Office for service by the United States Marshalls Service, only for Tim Cash, Cody Pittman, and "OFC-Adams." [Doc. 28 & Doc. 29].

On August 9, 2024, Plaintiff filed a second Motion to Amend Complaint [Doc. 31], attempting to assert excessive force claims against Officer Tyrone Green.[1] Attached to the second motion to amend is Plaintiff's proposed summons for Tyrone Green and a document titled "amendment of complaint" [Doc. 30 at Page ID # 111]. The proposed "amendment of complaint"

---

[1] This is Plaintiff's second attempt to add Tyrone Green as a defendant: also pending is Plaintiff's first Motion for Permission to Amend Complaint [Doc. 26] and the undersigned's Report and Recommendation, which recommends that Plaintiff's first motion to amend be denied without prejudice for the reasons stated therein [Doc. 27].

only contains claims against Tyrone Green and no other persons. It is unclear if Plaintiff now only seeks to sue Tyrone Green or if, consistent with the Court's prior ruling, he is still seeking to proceed on his excessive force claims against Tim Cash, Cody Pittman, and "OFC-Adams" in their individual capacities.[2]

Consistent with the foregoing, I **RECOMMEND**[3] that Plaintiff's second motion to amend [Doc. 30] be **DENIED WITHOUT PREJUDICE** for Plaintiff to file a motion to amend that attaches a proposed second amended complaint which includes all the allowed claims against all defendants that he seeks to sue. If the Court adopts this recommendation, Plaintiff should be instructed that, if he wishes to pursue amendment of his pending amended complaint, he may renew his motion to amend but he must attach to any such renewed motion a complete copy of his proposed second amended complaint. Any such document must be titled "Second Amended Complaint," and may not incorporate the original complaint or amended complaint as required by Local Rule 15.1, or include the claims dismissed by the Court.

ENTER:

---

[2] It is likewise unclear if he seeks to sue "OFC-Slanton" even though he returned no summons for issuance and service on "OFC-Slanton." As quoted in the prior Report and Recommendation regarding the first motion to amend [Doc. 27 at Page ID # 88-89], Local Rule 15.1 provides: "A party who moves to amend a pleading shall attach a copy of the proposed amended pleading to the motion. **Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference**. A failure to comply with this rule may be grounds for denial of the motion." (emphasis added).

[3] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE