UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| BRYAN R. PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | 1:24-CV-00090-DCLC-MJD |
| | ) | |
| v. | ) | |
| | ) | |
| TIM CASH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court to consider the Report and Recommendation ("R&R") of the United States Magistrate Judge. [Doc. 58]. In the R&R, the magistrate judge recommends that Defendants Tim Cash and Cody Pittman's motion for sanctions [Doc. 53] be granted and that Cash and Pittman be dismissed with prejudice as a sanction for failure to cooperate in discovery pursuant to Federal Rule of Civil Procedure 37(d) and for failure to prosecute his action pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff did not file objections to the R&R.[1] *See* Fed. R. Civ. P. 72(b).

As detailed in the R&R, Cash and Pittman served Plaintiff with their discovery requests on January 7, 2025 [Doc. 53-1], Plaintiff filed a notice of change of address on January 30, 2025 [Doc. 46], and Cash and Pittman re-served the discovery requests to Plaintiff's updated address on March 5, 2025 [Doc. 53-2]. Plaintiff failed to respond to the discovery requests and did not respond to Cash and Pittman's letter attempting to resolve the discovery dispute on October 6, 2025 [Doc. 53-3], prompting them to file the motion for sanctions.

---

[1]     Failure to file objections within the 14-day period pursuant to Rule 72(b) results in waiver of the right to appeal the Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985).

Plaintiff has failed to respond to discovery requests or engage in prosecuting this matter on multiple occasions. Plaintiff failed to timely serve Defendant "Slanton"[2] and was ordered to show cause why his claims should not be dismissed against this Defendant, but Plaintiff did not respond resulting in his dismissal. *See* [Docs. 49, 51]. Plaintiff refused to accept correspondence from the Court. [Doc. 50]. Plaintiff failed to comply with a Court order compelling him to respond to Defendant Tray Adams' discovery requests on or before December 22, 2025. [Doc. 56]. Plaintiff was warned that failure to comply with the order to compel may result in dismissal. *Id.* at 2. Defendant Adams filed a motion for sanctions and motion to dismiss [Doc. 59] on January 12, 2026, and reports that Plaintiff has not provided responses to his discovery requests as ordered by the Court. [Doc. 60, pg. 1]. Plaintiff also had ample time, but failed to object to the R&R, which was entered on December 30, 2025. [Doc. 58].

A party's failure to comply with discovery is governed by Federal Rule of Civil Procedure 37 which provides that sanctions may be imposed if "a party properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). Sanctions for not obeying a discovery order may include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

A plaintiff's failure to prosecute is governed by Federal Rule of Civil Procedure 41(b), which "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss

---

[2]     Plaintiff spells Defendant's name as "Slanton" in the Amended Complaint. [Doc. 17]. The police report spells the name, "Slatton." [Doc. 15, pgs. 6–7].

2

sua sponte a lawsuit for failure to prosecute."). Courts consider four factors in determining whether a matter should be dismissed for plaintiff's failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer*, 529 F.3d at 737 (citation omitted).

The Court has reviewed the R&R and the record as a whole and finds that the R&R properly analyzes the issues presented. While the R&R recommends that only Defendants Cash and Pittman be dismissed with prejudice, however, the Court finds that the matter should be dismissed with prejudice in whole pursuant to Rule 37(b)(2)(A)(v) and Rule 41(b). Plaintiff was warned that his failure to engage with discovery may result in dismissal of this action. *See* [Doc. 56]. Further, Plaintiff has failed to respond to Court orders on multiple occasions and has not filed anything on the record since January 30, 2025, over 14 months ago, when he updated his address. [Doc. 46].

For the reasons set forth in the R&R, which are incorporated herein by reference, it is hereby **ORDERED** that the R&R [Doc. 58] is **ADOPTED IN PART**. Defendants Cash and Pittman's motion for sanctions [Doc. 53] is **GRANTED** and this matter is **DISMISSED WITH PREJUDICE** for Plaintiff's failure to prosecute and comply with discovery and this Court's orders. Defendant Adams' motion to dismiss and motion for sanctions [Doc. 59] is **DENIED AS MOOT**. A separate judgment shall enter.

    **SO ORDERED:**

s/ Clifton L. Corker
United States District Judge
